**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CAROLYNN PLACE and LIBERTY
DZAMKO, individually,
and on behalf of all others similarly
situated,

     Plaintiffs,     Case No.: 6:26-cv-757-AGM-LHP

   v.

THE ORTHOPAEDIC INSTITUTE, P.A.,
a Florida professional association,

     Defendant.

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

Defendant The Orthopaedic Institute, P.A. ("Defendant") moves the Court, pursuant to Federal Civil Procedure Rule 6(b) and Local Rule 6.1(a), for an Order extending the deadline for Defendant to answer or otherwise plead in response to Plaintiffs Carolynn Place and Liberty Dzamko's ("Plaintiffs") Complaint. In further support of this Motion, Defendant shows the Court the following:

Plaintiffs filed their complaint with the Court on April 7, 2026. [Doc. 01]. The Summons and Complaint were served on Defendant on April 10, 2026. As such, Defendant's response was due May 1, 2026. Due to a miscommunication on the engagement of counsel, counsel was not retained until May 4, 2026. At that time, Defense counsel reached out to Plaintiffs' counsel regarding the lapsed response

time, since defense counsel needs additional time to gather facts and to prepare Defendant's response to Plaintiffs' Complaint.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court maintains the discretion to extend time limits or deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* In determining whether a motion to extend deadlines under Rule 6(b)(1) (B) should be granted, the court is instructed to consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993); *Glover v. City of Pensacola,* 372 Fed. Appx. 952, 955 (11th Cir. April 14, 2010).

In considering these factors, the Court should grant Defendant's extension because (1) Plaintiff's will not be prejudiced by the additional time to respond as no deadlines have been set and Plaintiff graciously consented to this request; (2) no deadlines have been set in this matter yet and thirty additional days to respond will not interfere with the parties ability to meet and discuss the case and any Rule 26 or other issues in the interim; (3) due to a miscommunication, counsel was not retained until May 4 and then promptly reached out to discuss with Plaintiff's counsel that

2

this request was not for purposes of delay; and (4) the movant has acted in good faith by seeking leave immediately and requesting a modest extension. See, e.g., *Wilson v. Farris*, No. 607CV1293ORL28KRS, 2007 WL 4365562, at *1 (M.D. Fla. Dec. 13, 2007) (permitting late Answer and denying applications for default where defense counsel was mistaken about service of complaint and missed deadline); *see also Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2013 WL 178974, at *1 (M.D. Fla. Jan. 17, 2013)  (granting motion for extension of time to respond to Complaint where motion was filed fourteen days after the deadline passed  and noting "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration").

WHEREFORE, Defendant respectfully requests the Court enter an Order extending the time for Defendant to answer or otherwise plead up to and including June 1, 2026.

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(b), undersigned counsel consulted with counsel for the Plaintiffs regarding this request. Counsel for the Plaintiffs has consented to the extension request.

This 6th day of May, 2026

*/s/Angelique Lyons*
Angelique Groza Lyons, Esq.
Fla. Bar No. 118801
alyons@constangy.com
CONSTANGY, BROOKS, SMITH &

3

PROPHETE, LLP
100 North Tampa Street, Suite 2650
Tampa, Florida 33602
T: (813) 223-7166 / F: (813) 223-2515
tampa@constangy.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of May, 2026, the foregoing was filed with the Clerk of Court using the CM/ECF system which will generate and send an e-mail notification of said filing to all counsel of record.

*/s/Angelique Lyons*
Angelique Groza Lyons, Esq.
*Attorney for Defendant*

4